IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Vs. | § | CRIM ACTION NO. 9:98CR6(9) |
| MICHAEL JOSEPH DERROW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

On October 19, 2007, Defendant filed a pleading titled, "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3742(a)(1)(2)" (document #334). The motion was referred to the undersigned on October 23, 2007 for consideration and hearing, if deemed necessary, and a recommended disposition.

*Background*

A Judgment was entered in the above-styled criminal case on April 27, 1999 finding Defendant guilty of conspiracy to possess and possession with intent to distribute crack cocaine. Having been found guilty by a jury, the Defendant was sentenced to serve 480 months of imprisonment to be followed by 5 years of supervised release. A fine of $25,000 was imposed. Plaintiff filed a direct appeal. Defendant's conviction was affirmed on May 5, 2000. The district court received notice on November 21, 2000 that Defendant's petition for a writ of certiorari was denied by the United States Supreme Court.

Defendant then filed a "Motion to Modify a Term of Imprisonment and Invoke the Application 'New Promulgated' Retroactive Amendments to the US Sentencing Guidelines Under Section 18 USC 3582(c)(2)," that was denied by August 10, 2001. Next, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant's § 2255 petition was dismissed and Defendant filed an appeal. Defendant's motion for certificate of appealability was denied. A successive § 2255 motion was dismissed for lack of jurisdiction.

Most recently, Defendant filed a Motion for Modification of Sentence Pursuant to 28 U.S.C. § 3742(a)(1) & (2) (document #334). Defendant alleges that his sentence was imposed in violation of law and was imposed as a result of an incorrect application of the sentencing guidelines. Defendant submits that his sentence is in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) (finding that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.). *Apprendi* was decided after Defendant was sentenced. The *Apprendi* argument asserted by Defendant in the present motion was raised and rejected in his first § 2255 petition. *See Michael Joseph Derrow v. USA*, Civil Action No. 9:01cv243.

*Discussion and Analysis*

In the present motion, Defendant is again attempting to challenge the validity of his underlying conviction and sentence. His motion should be construed as a successive § 2255 motion. The motion should be denied because Defendant has not shown that the Fifth Circuit authorized him to file a successive § 2255 motion. *United States v. Hill*, 202 Fed.Appx. 712 (5th Cir.2006); *United States v. Estrada*, 162 Fed.Appx. 359 (5th Cir.2006).

Recommendation

It is recommended that the Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3742(a)(1) and (2) (document #334) be denied.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this **6**   day of **November, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE